**COMPTON POLICE OFFICERS ASSO-CIATION, a not-for-profit mutual benefit association; Eddie Aguirre; Marvin E. Branscomb; Tim Brennan; Robert B. Ladd, Plaintiffs—Appellants,**

v.

**CITY OF COMPTON, a municipal corporation; Omar Bradley, individually and as Mayor of City of Compton; Raymon E. Allen, individually and as Chief of Police of Compton Police Department, Defendants—Appellees.**

No. 01–57115.

D.C. No. CV–00–10441–WJR.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2002.*

Decided Jan. 31, 2003.

Before BEEZER, KOZINSKI and WARDLAW, Circuit Judges.

MEMORANDUM**

The Compton Police Officers Association, Eddie Aguirre, Marvin E. Branscomb, Tim Brennan, and Robert B. Ladd appeal from the district court's order granting summary judgment. This appeal arises from the City of Compton's decision to disband its police department and contract police services from the Los Angeles County Sheriff's Department, and the discipline of Officers Aguirre, Branscomb, and Ladd. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mayor Bradley enjoys absolute legislative immunity for his vote to disband Compton's police department. His vote was a "quintessentially legislative" act that reflected "a discretionary, policymaking decision implicating the budgetary priorities of the city and the services the city provides to its constituents." *Bogan v. Scott–Harris,* 523 U.S. 44, 55–56, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998); *see also Bechard v. Rappold,* 287 F.3d 827, 829 (9th Cir.2002) ("[T]he decision to eliminate a position for budgetary reasons is clearly legislative.").

Mayor Bradley and Police Chief Allen both enjoy qualified immunity from suit with respect to the discipline of the officers for insubordination in failing to leave the council meeting when ordered to do so. The officers did not create a triable issue

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

as to whether they were disciplined for protected expressive activity. *See Pool v. VanRheen,* 297 F.3d 899, 906 (9th Cir. 2002) (explaining that plaintiff must show he was punished for protected activity to prevail on claim for retaliation for exercising free speech rights).

Nor is the City of Compton liable (under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)), because neither the decision to disband the police department nor the discipline of the officers caused any constitutional injury. *See Gibson v. County of Washoe,* 290 F.3d 1175, 1185–86 (9th Cir. 2002).

**AFFIRMED.**

---

* Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.